# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PILIERCRUZ VIVIANO**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF PHILADELPHIA, et al.**, <br><br> Defendants. | **CIVIL ACTION** <br><br><br> **NO. 18-5314-KSM** |

## **ORDER**

**AND NOW**, this 14th day of February, 2024, it is **ORDERED** that this case shall be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).[1] [2]

---

[1] On January 12, 2024, the Court lifted this matter from suspense and ordered Plaintiff to file a letter no later than February 12, 2024 stating whether he intends to proceed with the prosecution of this case, or else the Court may enter an order dismissing the case against Defendants for lack of prosecution. (Doc. No. 19.) Prior to this date, Plaintiff failed to provide the Clerk of Court with an updated address following his release from custody, as required by Rule 5.1(b) of the Local Rules of Civil Procedure. ("The [pro se] party shall notify the Clerk within fourteen (14) days of any change of address"). As such, the Court directed the Clerk's office to mail the Order to Plaintiff at both his SCI Houtzdale address and at the forwarding address provided by SCI Houtzdale. (Doc. No. 19 at n.3.) Because Plaintiff has failed to file a letter indicating his intention to pursue this case, this matter is now dismissed pursuant to the Court's analysis of the *Poulis* factors discussed *infra*.

[2] "A District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Iseley v. Bitner*, 216 F. App'x 252, 254–55 (3d Cir. 2007) (per curiam) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The power to dismiss a case "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629–30. The Court weighs the *Poulis* factors in determining that this case should be dismissed. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) (setting forth the following factors for consideration: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim). Here, "the responsibility for Plaintiff's failure to participate in the litigation by complying with the Procedural Order falls on him, as he proceeded pro se." *Laws v. Berryhill*, No. 17-CV-3961, 2018 WL 4006423, at *2 (E.D. Pa. Aug. 22, 2018). Second, Defendants are prejudiced because Plaintiff's failure to indicate his interest to pursue prosecution frustrates Defendants' ability to prepare a defense and preserve resources. Third, Plaintiff is dilatory in this instance, as evidenced by his complete lack of response to the Court's order to file a letter by February 12, 2024 (Doc.

IT IS SO ORDERED.

/s/ Karen Spencer Marston
_____
KAREN SPENCER MARSTON, J.

---

No. 19), his failure to obey the Court's order to file a joint status report with Defendants (Doc. No. 14), and his failure to notify the Clerk of his new address following his release from custody. The fourth factor is neutral because it is unknown if Plaintiff's lack of response was willful or in bad faith. Fifth, "the Court cannot consider monetary sanctions as an alternative to dismissal, because Plaintiff is proceeding *in forma pauperis*." *Laws*, 2018 WL 4006423, at *2. Finally, the sixth factor regarding the merits of the claim is neutral because Plaintiff alleged insufficient facts in his complaint.